IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISSAC KING, JR., | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:15-CV-298-MTT-CHW |
| KIMBERLY BECKHAM, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## RECOMMENDATION OF DISMISSAL

Plaintiff Issac King, Jr., a prisoner currently incarcerated at the Houston County Detention Center, has filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that Plaintiff's Complaint be **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*,

185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *King v. Perry*, ECF No. 5 in Case No. 5:14-CV-00388-LJA-MSH (M.D. Ga. Dec. 11, 2014) (dismissing on statute of limitations grounds and specifically noting the dismissal counted as a strike for purposes of § 1915(g));[1] Order Dismissing Compl., *King v. Houston County*, ECF No. 6 in Case No. 5:14-CV-0387-MTT-MSH (M.D. Ga. Nov. 19, 2014) (dismissing for failure to state a claim); Order Dismissing Compl., *King v. Houston County Sheriff's Office*, ECF No. 21 in Case No. 5:14-CV-00058-MTT-MSH (M.D. Ga. Apr. 21, 2014) (specifically noting the dismissal should count as a strike for purposes of § 1915(g)). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood

---

[1] A dismissal on statute of limitations grounds constitutes a dismissal for failure to state a claim and counts as a strike. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff alleges—with almost no factual detail—that he had surgery on his foot and was having "serious pain," yet Defendants have failed to provide him with medical assistance to address this pain for several months.  (Compl. 5, ECF No. 1.) These allegations are too conclusory to permit the Court to conclude that he is in imminent danger of suffering any serious physical injury.  *See, e.g., Skillern v. Paul*, 202 F. App'x 343, 343-44 (11th Cir. 2006) (per curiam) (inmate's allegations that "deprivation of his medication may have caused him to suffer death or serious injury" were insufficient to establish imminent danger); *see also Spencer v. Doe*, No. CIV-13-0692-HE, 2014 WL 3778835, at *1 (W.D. Okla. July 31, 2014) (finding prisoner's allegations that prison officials were causing him pain by depriving him of certain medical care did not demonstrate that he was in imminent danger of serious physical injury); *Boobyyaa v. Tucker*, No. 5:13cv77/RS/EMT, 2013 WL 1729528, at *3 (N.D. Fla. Mar. 29, 2013) (prisoner's allegations that prison officials refused to treat his back pain were "insufficient to show the type of emergency circumstances contemplated by the

3

'imminent danger of serious physical injury' exception of § 1915(g)").[2]  Plaintiff has not provided the Court with any facts about his physical condition or shown that he may face serious health consequences if Defendants fail to immediately address his complaints. *See Skillern*, 202 F. App'x at 344 (prisoner failed to present any description of the condition for which he required medication or allege that he suffered any injury as the result of not receiving the medication).  As such, the undersigned **RECOMMENDS** that Plaintiff not be permitted to proceed *in forma pauperis* pursuant to § 1915(g) and that his Complaint be **DISMISSED without prejudice** to his right to refile with pre-payment of the full $400 filing fee.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

   Furthermore, even if the Court were to conclude that Plaintiff had sufficiently alleged that he was in imminent danger of serious physical injury, Plaintiff's Complaint should be dismissed because Plaintiff affirmatively misrepresented his litigation history to the Court. The standard complaint form submitted and signed by Plaintiff clearly required Plaintiff to state whether he had "ever filed any lawsuit while incarcerated or detained." (Compl. 2.)  Plaintiff scrawled "N/A" across this and the rest of the questions regarding his litigation history.  *Id.*   Plaintiff was also asked, "AS TO ANY LAWSUIT

---

[2] The undersigned also notes that according to the Georgia Department of Corrections offender search, Plaintiff is now incarcerated at the Wheeler County Correctional Facility.  Plaintiff's transfer to a different prison facility would negate his ability to allege that he was under an imminent danger of serious physical injury at his former prison.  *See Medberry*, 185 F.3d at 1193.

FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" *Id.* at 3. Plaintiff similarly responded "N/A." *Id.* Plaintiff's responses are patently false. As noted above, Plaintiff has filed at least three other cases in this Court in the eighteen-month period prior to the date he filed this case that were dismissed because they were frivolous, malicious, or failed to state a claim. Plaintiff was required to disclose this litigation history in the present Complaint.

Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court"; it also provides for sanctions against a party—including dismissal of a party's pleading—when papers filed with the court contain intentionally misleading or patently false information. *See Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (per curiam) (holding that a "district court may impose sanctions [under Rule 11(c)] if a party knowingly files a pleading that contains false contentions"). In the Eleventh Circuit, it is also considered an abuse of the judicial process—warranting dismissal of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1)—if a plaintiff fails to disclose his complete litigation history on a complaint form that unambiguously requires the disclosure be made under penalty of perjury. *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (per curiam) (citing *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir.1998),

*abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007)).[3]

A prisoner's failure to disclose his full litigation history, when requested to do so, is therefore not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4.

Here, Plaintiff not only failed to disclose his litigation history as unambiguously required on the Court's form, but he also knowingly filed a pleading in this Court that contains false statements. The undersigned observes that Plaintiff's prior lawsuits were

---

[3]Plaintiff did attach a signed, form "Declaration under Penalty of Perjury" to his Complaint, which signifies that the answers Plaintiff gave in the "attached motion/affidavit form are true and correct," although it appears Plaintiff may have used the form declaration that is typically attached to the Court's form motion to proceed *in forma pauperis*. (Compl. 7.)

6

filed recently and, perhaps more importantly, notes that Plaintiff should have been well aware from at least two of the dismissal orders in that case that he was incurring "strikes" under § 1915(g) that may have prevented him from proceeding *in forma pauperis* in his future cases absent any allegations of imminent danger. As such, the undersigned finds that Plaintiff's failure to disclose this litigation history cannot be considered a mere oversight. His pleading thus can be properly dismissed without prejudice, *sua sponte*, as a sanction for this failure. *See Redmon,* 414 F. App'x at 226; *see also Hood v. Tomkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (affirming dismissal without prejudice by district court as Rule 11 sanction for plaintiff's failure to disclose litigation history); *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (per curiam) (affirming dismissal under the court's "inherent power" for plaintiff's failure to disclose his prior cases on the court's complaint form when there is a finding of "bad faith"); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) ("A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal.").

Accordingly, and because the statute of limitations will not bar Plaintiff's refiling, it is **RECOMMENDED** that Plaintiff's Complaint could also be **DISMISSED, without prejudice,** for failure to disclose his litigation history. *See Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation . . . , because the affected party may simply re-file.").

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that Plaintiff's claims should be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g) and as a sanction for failing to disclose his litigation history.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 13th day of January, 2016.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge